886 So.2d 1050 (2004)
ESTATE OF Roger P. MASSAD, deceased, by and through its personal representative, Frances WILSON, Appellant,
v.
Dee Janet GRANZOW and Richard B. LaFrance, Appellees.
No. 4D03-4569.
District Court of Appeal of Florida, Fourth District.
November 17, 2004.
*1051 Kenneth G. Spillias and Walter E. Forehand of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
Kara Berard Rockenbach of Gaunt, Pratt, Radford & Methe, P.A., West Palm Beach, for appellee Dee Janet Granzow.
GROSS, J.
The Estate of Roger P. Massad appeals from a final order dismissing its amended complaint for failure to state a cause of action against appellee Dee Janet Granzow. See Fla. R. Civ. P. 1.140(b)(6). We reverse, finding that the amended complaint stated a cause of action under section 324 of the Restatement (Second) of Torts (1965).
Because this appeal concerns the propriety of a dismissal for failure to state a cause of action, we take the allegations in the amended complaint as true and consider them in the light most favorable to the estate; all reasonable inferences must be drawn in the estate's favor. See Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001); Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999).
According to the amended complaint, Massad was a guest in Granzow's home. Granzow knew that Massad was drunk, in part on alcoholic beverages that she had supplied. While inside the home, Massad fell and struck his head, sustaining a concussion with significant bleeding. Granzow undertook to provide care for Massad's injuries and impairment. Along with Richard LaFrance, Granzow gave Massad a prescription pill not prescribed for his use, which worsened his intoxication. Granzow subsequently abandoned Massad next to an unfenced pool. Massad later fell into the pool and drowned.
Although inartfully pled, the amended complaint states a cause of action under section 324 of the Restatement, which provides:
One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by
(a) the failure of the actor to exercise reasonable care[1] to secure the safety of the other while within the actor's charge, or
(b) the actor's discontinuing his aid or protection, if by so doing he leaves the *1052 other in a worse position than when the actor took charge of him.
In Union Park Memorial Chapel v. Hutt, 670 So.2d 64, 66-67 (Fla.1996), the supreme court characterized similar provisions in section 324A as explaining a "well accepted rule of law" in Florida.
Granzow argues that section 768.125, Florida Statutes (2003), acts as a "complete limitation on liability" in this case. Granzow further argues that, because section 768.125 renders social hosts "immune under common law and Florida law for serving alcohol to their guests," she could not be found liable, even if the conditions contained in section 324 occurred. We reject this reading of the statute as too broad.
At common law, "one injured by an intoxicated person ha[s] no cause of action against the dispenser of the intoxicating liquor...." United Servs. Auto. Ass'n v. Butler, 359 So.2d 498, 499 (Fla. 4th DCA 1978).[2] Despite that common law rule, however, Florida courts previously recognized a cause of action against vendors where illegal alcohol sales were involved. E.g., Davis v. Shiappacossee, 155 So.2d 365 (Fla.1963). In 1980, as alcohol vendors' civil liability continued to increase, the legislature enacted section 768.125 to limit the expansion of vendors' exposure. Bankston v. Brennan, 507 So.2d 1385, 1386-87 (Fla.1987); Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978, 981 (Fla.1984).
Although Florida courts continued to provide social hosts with protection from suit under common law principles during this period, the legislative history relating to section 768.125 indicates that it was "the intent of the legislature to apply the provisions of [this] bill to private party hosts as well as licensees under Chapter 562, Florida Statutes." S. CS/SB 233 by Commerce Comm. with Senator Winn, Senate Staff Analysis and Economic Impact Statement (June 11, 1980).
Thus, social hosts are protected from liability for dispensing or furnishing alcohol both by the common law and by section 768.125.
The supreme court has viewed section 768.125 as "a limitation on the liability of vendors of intoxicating beverages," Migliore, 448 So.2d at 980 (emphasis added), which "codified the original common law rule absolving vendors from liability for sales but provided exceptions for sales to those who were not of a lawful drinking age or to a person habitually addicted to alcoholic beverage use." Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042, 1046 (Fla.1991) (emphasis added).
When the supreme court has written on the relationship between section 768.125 and social hosts, it has indicated that the statute did not create any new causes of action against social hosts and reaffirmed their pre-existing common law protection. Dowell v. Gracewood Fruit Co., 559 So.2d 217 (Fla.1990) (social host who served alcohol to known alcoholic could not be held liable for injuries caused by his intoxication); Bankston, 507 So.2d at 1386-87 (section 768.125 did not create cause of action against social host for serving alcoholic beverages to minor).
To reverse this case does not run afoul of the statutory or common law rules shielding social hosts from liability. A cause of action under section 324 is not based upon the circumstances under which *1053 Granzow dispensed or furnished alcoholic beverages to Massad. Rather, liability is based upon conduct that occurred at a point in time when Granzow "took charge" of Massad, when he was helpless and unable to adequately aid or protect himself.
This court has previously distinguished a cause of action arising out of the serving of alcoholic drinks from a cause of action arising out of a relationship that existed apart from the alcohol dispenser-dispensee relationship.
In Carroll Air Systems, Inc. v. Greenbaum, 629 So.2d 914 (Fla. 4th DCA 1993), the defendant employer furnished drinks to one of its employees who later caused a car crash killing the decedent. Id. at 915-16. Plaintiff brought suit for wrongful death and the defendant argued (among other things) that it was immune from liability under section 768.125. Id. at 915. In finding the defendant liable, this court held:
In the instant case the "fault" of the employer was not in the furnishing of the drinks but in its knowledge, actual or constructive, that [the employee] was intoxicated and was not in a condition to drive. [The employer] was not merely a social host at the meeting in which [the employee] imbibed excessively. Unlike the social host, an employer has a far greater ability to control the actions of its employees.
Id. at 917; see also Estate of Starling v. Fisherman's Pier, Inc., 401 So.2d 1136, 1138 (Fla. 4th DCA 1981) (holding an operator of commercial fishing pier could not "ignore and step over an unconscious customer lying in a dangerous place upon his premises," even though the drunk customer "allowed himself to be exposed to that danger in the first place"); Bardy v. Walt Disney World Co., 643 So.2d 46 (Fla. 5th DCA 1994).
We reverse and remand the case to the circuit court to proceed on a cause of action based upon section 324 of the Restatement. The amended complaint did not state a cause of action under any of the other theories here asserted by the estate.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Section 465.015(2), Florida Statutes (2003), provides, in pertinent part, "[i]t is unlawful for any person ... (c) [t]o sell or dispense drugs as defined in s. 465.003(8) without first being furnished with a prescription." This statutory provision has been interpreted to apply to those who are not pharmacists that have offered prescription drugs to another. See Block v. State, 437 So.2d 792, 793 (Fla. 2d DCA 1983). A violation of section 465.015(2) is evidence that a defendant failed to exercise "reasonable care" under section 324 of the Restatement.
[2] This case does not involve the exception to the common law rule where liability of a social host is based on a violation of the "open house party" statute, section 865.015, Florida Statutes (2003). See Trainor v. Estate of Hansen, 740 So.2d 1201 (Fla. 2d DCA 1999); Newsome v. Haffner, 710 So.2d 184 (Fla. 1st DCA 1998).