993 So.2d 561 (2008)
Dane R. BOZA, II, Appellant,
v.
Rachel A. CARTER, Appellee.
No. 1D07-3845.
District Court of Appeal of Florida, First District.
October 17, 2008.
Sean C. Domnick of Searcy, Denny, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and Bard D. Rockenbach of Burlington *562 & Rockenbach, P.A., West Palm Beach, for Appellant.
Tracy Raffles Gunn of Gunn Appellate Practice, P.A., Tampa, for Appellee.
KAHN, J.
We have considered each of the issues raised in this appeal of a jury verdict awarding damages to appellant. We cannot conclude that the nonparty to whom the jury apportioned a share of fault was an intentional tortfeasor. The ineluctable rule in Florida defines "an intentional tort as one in which the actor exhibits a deliberate intent to injure or engages in conduct which is substantially certain to result in injury or death." D'Amario v. Ford Motor Co., 806 So.2d 424, 438 (Fla. 2001). We decline to conclude, as a matter of law, that injury was substantially certain to follow the nonparty's conduct in this case. See, e.g., id. (rejecting argument that drunk driving is intentional tort).
Likewise, we find no authority to support appellant's argument that appellee incurred a duty, as driver of a motor vehicle, to control the conduct of her passenger under the circumstances here. See generally Aguila v. Hilton, Inc., 878 So.2d 392 (Fla. 1st DCA 2004). "As a general principle, a party has no legal duty to control the conduct of a third person to prevent that person from causing harm to another." Id. at 398.
Finally, appellant made a strong factual showing that reasonable people might differ with the jury's calculation of non-economic damages. He has not, however, shown that no reasonable judge would have denied his motion for additur. We cannot, therefore, conclude that the denial of appellant's motion amounted to an abuse of the trial judge's discretion. See Republic Servs. of Fla., L.P. v. Poucher, 851 So.2d 866 (Fla. 1st DCA 2003).
AFFIRMED.
LEWIS and ROBERTS, JJ., concur.