NORTHCUTT, Judge.
This case presents the question whether, as a matter of law, a valet parking service owes a duty to third parties to refrain from returning car keys to an obviously intoxicated customer. Under this court’s precedent, there is no such duty; therefore, we affirm the circuit court’s order dismissing this action.
*730 The existence of a legal duty is a question of law subject to de novo review on appeal. See Dudley v. City of Tampa, 912 So.2d 322, 324 (Fla. 2d DCA 2005) (citing McCain v. Fla. Power Corp., 593 So.2d 500 (Fla.1992)). Further, on a motion to dismiss, the allegations of a complaint must be taken as true. Id.
The instant case arises from a young woman’s untimely death in an automobile accident. According to the allegations of the amended complaint, which we must take as true, Nicole Weber went to the Sway Lounge with Michael Price Jr. Price left his car with the valet service, Marino Parking Systems, Inc. The lounge served Price a large quantity of alcohol, and he became visibly intoxicated. When Weber and Price departed the lounge, Price obtained his car from the valet despite his apparent intoxication. After driving away from the lounge, Price was involved in an accident that caused Weber’s death.
Debbie Weber, Nicole Weber’s mother and the personal representative of her estate, filed a wrongful death action against the lounge and the valet service. Her complaint alleged in part that the valet service had a duty to refrain from returning car keys to an intoxicated driver. Marino Parking moved to dismiss, arguing that it owed no such duty. The circuit court granted the motion and dismissed the suit against the valet service. In so ruling, it relied on this court’s decision in Blocker v. WJA Realty Ltd. Partnership, 559 So.2d 291 (Fla. 2d DCA 1990), which affirmed the dismissal of a suit against a valet service for returning a car to an obviously intoxicated owner. Weber argues that Blocker is no longer good law following the decision in Kitchen v. K-Mart Corp., 697 So.2d 1200 (Fla.1997). There, the Florida Supreme Court adopted section 390 of the Restatement (Second) of Torts and allowed a suit for negligent en-trustment against a retailer who sold a gun to an intoxicated buyer.
We agree with Weber’s argument that cars, like guns, are dangerous instrumen-talities. See Estate of Villanueva ex rel. Villanueva v. Youngblood, 927 So.2d 955 (Fla. 2d DCA 2006) (discussing application to automobiles of dangerous instrumentality doctrine and its exceptions). And no citation is necessary to acknowledge the dangers posed by drunk driving. But the very Restatement provision relied upon by Weber suggests the reason that it does not apply here. According to the Restatement, the duty described in section 390 “applies to anyone who supplies a chattel for the use of another. It applies to sellers, lessors, donors or lenders, and to all kinds of bailors.” Restatement (Second) of Torts § 390 cmt. a (emphasis added). Under the facts of this case, the valet service was not a bailor; it was a bailee. See Black’s Law Dictionary 136 (7th ed.1999) (defining bailment as “[a] delivery of personal property by one person (the bailor) to another (the bailee) who holds the property for a certain purpose under an express or implied-in-faet contract”).
As succinctly explained by an appellate court in Illinois, “an essential element of a negligent entrustment cause of action is that the person charged with liability have a superior right to control the property.” Umble v. Sandy McKie & Sons, Inc., 294 Ill.App.3d 449, 228 Ill.Dec. 848, 690 N.E.2d 157, 159 (1998) (citing Blocker and other cases that rejected liability “for returning bailed property to its rightful owner”). That negligence action was based on a repair shop’s return of a car to its intoxicated owner. The Umble court noted that once the owner paid his repair bill and demanded his car, the shop “had no discretion to refuse without being found liable for conversion. Because [the *731 customer] already owned the car, [the repair shop] cannot be liable for negligently ‘entrusting’ it to him.” Id. at 161. Likewise here, the valet service did not have a superior right to Price’s car. To the contrary, Marino Parking could have been found liable for conversion had it failed to return the car. See Estate of Villanueva, 927 So.2d at 959 (“Conversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession.” (quoting Ming v. Interamerican Car Rental, Inc., 913 So.2d 650, 654 (Fla. 5th DCA 2005)). In other words, the valet cannot be liable for negligently “entrusting” the car to its rightful owner.
But in Williams v. Bumpass, 568 So.2d 979, 981 (Fla. 5th DCA 1990), the Fifth District expressly rejected the argument “that a finding of negligent entrustment requires an individual to have some degree of legal or possessory right ... before liability can be imposed.” In that case, a woman gave a firearm to a friend who was engaged in a brawl. Id. at 980. The woman knew that her friend kept a gun in his glove compartment. At his request, she retrieved the gun for her friend, and he shot the person he was fighting. The jury found the woman liable under a theory of negligent entrustment, and the Fifth District affirmed. Id. at 981. The court held that liability was predicated “upon whether the harm was or should have been foreseeable by the person entrusting or delivering the weapon to another.” Id.
The supreme court discussed Williams with apparent approval in Kitchen, noting that the Fifth District “found that foreseeability of harm, rather than ownership, determined whether an action existed for negligent entrustment.” 697 So.2d at 1205. Williams did not involve a bailment; neither did Kitchen. Indeed, neither of those cases addressed the imposition of liability for negligent entrustment on one who was duty-bound to deliver the owner’s property to him. The same is true of the potential defendants listed in comment a to section 390 of the Restatement; none of them — sellers, lessors, donors, lenders or bailors — have a legal duty to deliver property to anyone. Put another way, all of them are legally entitled to refuse the active tortfeasor’s demand for the property, as were the defendants in Williams and Kitchen. Thus, Kitchen did not undermine our holding in Blocker, which required the circuit court to dismiss the action below.
That said, we note our disagreement with the other basis for the dismissal order. The circuit court also concluded that liability was limited in this case by Florida’s dram shop statute. See Kitchen, 697 So.2d at 1203 (noting that the court would not expand liability when the legislature has acted to restrict it). But that legislative limitation of liability applies only to those who sell or furnish alcoholic beverages. See § 768.125, Fla. Stat. (2007) (limiting liability for consequences of intoxication unless alcohol was furnished to someone who was underage or known to be habitually addicted). Although the statute may be relevant to the action against the lounge, which remained pending below, it is inapplicable to a valet service.
Affirmed.
SILBERMAN, C.J., and CRENSHAW, J., Concur.