NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW HALL,                                    )
                                                )
            Appellant,                          )
                                                )
v.                                              )        Case No. 2D13-4138
                                                )
JOSHUA DEAN WEST; SHEPHARD'S                    )
BEACH RESORT, INC., a Florida                   )
corporation; SHEPHARD'S BEACH CLUB,             )
LLC, a Florida limited liability company;       )
and SHEPHARD'S MANAGMENT, INC.,                 )
a Florida corporation,                          )
                                                )
            Appellees.                          )
_____ )

Opinion filed January 7, 2015.

Appeal from the Circuit Court for Pinellas
County; John A. Schaefer, Judge.

Joel D. Eaton of Podhurst Orseck, P.A.,
Miami; Weldon Earl Brennan of Brennan,
Holden & Kavouklis, P.A., Tampa; and Jodi
B. Leisure and Thomas W. Carey of
Carey & Leisure, Clearwater, for Appellant.

Scott A. Cole of Cole, Scott & Kissane, P.A.,
Miami, for Appellees Shephard's Beach
Resort, Inc; Shephard's Beach Club, LLC;
and Shephard's Managment, Inc.

No appearance for Appellee Joshua Dean
West.

LaROSE, Judge.

Andrew Hall appeals a summary final judgment entered in favor of Shephard's Beach Resort, Inc., Shephard's Beach Club, LLC, and Shephard's Management, Inc. (collectively, "Shephard's"). We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). The trial court found that Shephard's owed no duty of care to Mr. Hall and dismissed his third amended complaint alleging negligent security by Shephard's. We affirm.

Whether a legal duty exists presents a question of law that we review de novo. Weber v. Marino Parking Systems, Inc., 100 So. 3d 729, 730 (Fla. 2d DCA 2012), review denied, 123 So. 3d 562 (Fla. 2013); Aguila v. Hilton, Inc., 878 So. 2d 392, 395 (Fla. 1st DCA 2004). Our record reflects various versions of what may have happened at Shephard's, a Clearwater Beach resort, on a spring evening in 2009. We take Mr. Hall's version as true, as we must. See Weber, 100 So. 3d at 730; Aguila, 878 So. 2d at 395; Bardy v. Walt Disney World Co., 643 So. 2d 46, 48 (Fla. 5th DCA 1994).

In the early morning of April 20, Mr. Hall suffered serious injuries when struck by a speeding car driven by Joshua Dean West. Mr. West and several friends had visited Shephard's earlier. Mr. West drank alcoholic beverages before and after arriving at Shephard's; he was intoxicated. Shephard's security personnel told Mr. West to leave the premises and escorted him and his friends to their car. Mr. West got behind the wheel and drove off. Some two hours later and thirteen miles away in Palm Harbor, Mr. West struck Mr. Hall. Mr. West's blood alcohol level later tested at .188.[1]

---

[1]A blood alcohol level of .08 or higher is prima facie evidence of impairment. See § 316.1934(2)(c), Fla. Stat. (2008).

In his third amended complaint, Mr. Hall alleged that Shephard's failed to 1) recognize patrons who entered the premises intoxicated, 2) prevent patrons from being served excessive amounts of alcoholic beverages in accordance with its own policies and procedures, 3) ensure that an intoxicated patron left the premises with a safe ride home in accordance with its own policies and procedure, 4) employ responsible individuals who would exercise due care in dealing with intoxicated patrons, and 5) employ responsible individuals who would follow policies and procedures to ensure an intoxicated patron left the premises safely.

Mr. Hall urged the trial court to find that <u>Bardy</u>, 643 So. 2d at 48, compelled Shephard's to prevent Mr. West from driving. The trial court rejected Mr. Hall's argument, concluding that "the undisputed facts . . . do not rise to the level that would create a duty as found in <u>Bardy</u>." We agree.

Section 768.125, Florida Statutes (2008), is at play in this case:

**Liability for injury or damage resulting from intoxication**

A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.

Mr. West was of legal drinking age and the record does not suggest that Shephard's knew whether he was habitually addicted to alcohol. Thus, the statutory exceptions establishing liability do not apply. But, Mr. Hall posits that his claims are unrelated to

the sale of alcohol; independent of any sale of alcoholic beverages, he insists that Shephard's was negligent in allowing Mr. West to drive away while intoxicated.

Mr. Hall parses the statute too finely. Unfortunately for Mr. Hall, the legislature has barred his theory of recovery. Except for the exceptions noted above, the statute excuses Shephard's liability for injury or damage "caused by or resulting from the intoxication" of the person served. Although Mr. Hall suffered horrible injuries, Mr. West's intoxication put into motion the events that led to the tragic accident that changed Mr. Hall's life. Shephard's alleged negligence did not break that chain. The "caused by or resulting from" language limits Shephard's exposure. The legislature has set the boundaries of the duty owed to Mr. Hall. On that basis alone, we must affirm the trial court's judgment. Mr. Hall contends, however, that Bardy creates another exception in the statute and controls. We disagree.

In Bardy, 643 So. 2d at 48, a Disney security guard ordered an intoxicated Disney employee to leave a Disney-sponsored party on Disney premises. Bardy protested that he was too drunk to drive. The guard ordered Bardy to move his car and leave the premises. The guard also threatened to have Bardy arrested if he did not leave. Bardy drove away. Almost immediately, he struck a light pole and suffered injuries for which he sued Disney. The trial court entered summary judgment in favor of Disney. On appeal, a panel majority of the Fifth District reversed, concluding that Disney had a duty to refrain from ordering its employee to leave its premises unless it reasonably believed that the employee could drive away safely. Id.

In dissent, Judge Diamantis cogently explained that the majority impermissibly circumvented section 768.125. Id. at 48 (Diamantis, J., dissenting).

- 4 -

Recognizing the legislature's constitutional prerogative to set social policy, as it did in section 768.125, Judge Diamantis explained that if liability was to be imposed, the legislature, not the courts, must define the duty of care. Id. at 49-50; see also Kitchen v. K-Mart Corp., 697 So. 2d 1200, 1203 (Fla. 1997) (noting that where the legislature has acted to restrict liability under section 768.125, a court would not expand liability). We must resist the temptation that Mr. Hall presents us; we leave it to the legislature to decide the proper scope of its statute.

In addition to the restrictions imposed by section 768.125, we also must observe that the facts in Bardy are meaningfully different than those before us. Most significant, the Disney security guard, under threat of arrest, forced Bardy, a Disney employee, who was in the car alone, to drive away. Moreover, the accident in Bardy happened almost immediately upon Bardy's departure and within five hundred feet from where he had parked. Id. at 48. Although Shephard's wanted Mr. West off its property, we cannot say that it forced him to drive. Recall, he was accompanied by friends. And, we cannot ignore the spatial and temporal differences between Bardy and Mr. Hall's case.

Finally, despite what Shephard's operating policies may have been, Florida law imposes no general duty on a business owner to ensure the safety of an intoxicated person who is about to leave the premises. And, that business has no legal duty to control the conduct of a third person to prevent that person from harming others. Aguila, 878 So. 2d at 398 (citations omitted). Unfortunately, even if Mr. West should not have driven, Shephard's could not restrain him, take away his keys, or impound his car. See Weber, 100 So. 3d at 731.

- 5 -

Because section 768.125 bars Mr. Hall's theory of liability, <u>Bardy</u> is not controlling, and Shephard's had no general duty to prevent Mr. West from driving away, we are compelled to affirm.

Affirmed.


SILBERMAN and SLEET, JJ., Concur.