639 So.2d 691 (1994)
NATIONAL PROPERTY INVESTORS, II, LIMITED, a Florida Limited Partnership and Resources Property Management Corp., Appellants,
v.
Julie ATTARDO, et al., Appellees.
No. 93-2911.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
James V. Dolan of Chartered Law Offices of James V. Dolan, Fort Lauderdale, for appellants.
*692 Kevin T. O'Hara, Esquire, of Anderson, Murphy and O'Hara, P.A., Orlando, for The Southland Corp., d/b/a 7-Eleven, appellees.
No appearance for appellee, Julie Attardo.
HARRIS, Chief Judge.
Julie Attardo sued National Property Investors, II, Limited, and others, the owners of a Melbourne apartment complex (hereinafter referred to collectively as NPI) and alleged:
That on or about February 7, 1989, the plaintiff [a tenant of the apartment complex] was abducted, threatened and assaulted by a male while on the premises of the Sugar Mill Apartments, and was ultimately sexually assaulted by said male.
NPI filed a third-party action against Southland Corporation, the owner of a 7-Eleven store located across the street from its apartment complex alleging:
That on or about February 7, 1989, the plaintiff Julie Attardo was abducted, threatened and assaulted by a third party defendant, Carlos Weir, in the parking lot of the third party defendant Southland Corporation and was ultimately sexually assaulted by said Carlos Weir.
Since clearly NPI has no independent action against Southland for the abduction or assault of Ms. Attardo on Southland's property, its cause must be based on a contribution claim because Southland is somehow partially liable for Ms. Attardo's claim against NPI. But Ms. Attardo claims that she was "abducted, threatened and assaulted" on the premises of Sugar Mill Apartments. This either means that two separate incidents of abducting, threatening or assaulting took place or that the original abduction, threat or assault was somehow connected to the sexual assault that took place on the apartment lot. If indeed there were two separate incidents, because Ms. Attardo does not complain about the first abduction, NPI has no standing to do so. It appears more likely, however, that NPI is alleging that Weir first accosted Ms. Attardo in the parking lot of 7-Eleven and followed her after she was able to avoid his attention there and as she returned to her apartment. In other words, because Weir first became attracted to Ms. Attardo in the parking lot and followed her from 7-Eleven to ultimately commit the acts alleged in the complaint in the parking lot of Sugar Mill where there is said to be inadequate lighting and security, NPI urges that Southland must legally share in the responsibility. We disagree.
Had Ms. Attardo sought damages for injuries sustained on 7-Eleven property, then the action against Southland would be appropriate. Had Weir grabbed Attardo on the 7-Eleven parking lot and carried her to the Sugar Mill lot to assault her, the action might be sustainable.[1] But to suggest that Southland is liable because someone who happens to be on its property (even if he has not and did not intend to purchase anything) follows a patron down the street to an unlighted parking lot and there commits a crime is carrying landlord liability too far. Apparently the security at 7-Eleven, on its premises or on any premises being used or utilized by it, was sufficient to protect its patron so long as she remained there. No court has yet extended landlord liability beyond this point.
We affirm the dismissal of the complaint but remand to the trial court to permit NPI to again amend, if it can IN GOOD FAITH, to allege that Attardo was abducted on the 7-Eleven lot and from there transported to another location for the commission of the sexual battery.
AFFIRMED and REMANDED.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] NPI has chosen its words carefully in the pleading. While it has alleged that Attardo was "abducted, threatened and assaulted" in the 7-Eleven parking lot, it has carefully separated this allegation from its further allegation that Attardo was "ultimately sexually assaulted." It was this ultimate sexual assault and its accompanying abduction that is the subject of Attardo's complaint.