694 So.2d 775 (1997)
Debra S. DALY, Appellant,
v.
DENNY'S, INC., a California corporation, d/b/a Denny's Restaurant No. 1623, and Capri Riviera Beach, Inc., a Florida corporation, d/b/a Super 8 Motel, Appellees.
No. 95-4088.
District Court of Appeal of Florida, Fourth District.
April 30, 1997.
Rehearing and Rehearing Denied June 17, 1997.
*776 Michael G. Cooksey of Cooksey and Cooksey, P.A., West Palm Beach, for appellant.
Neil Rose, North Bay Village, and Joel E. Bernstein of Bernstein & Chackman, P.A., Hollywood, for Appellee-Denny's, Inc.
Gregg R. Schwartz and Brad E. Kelsky of Law Offices of Gregg R. Schwartz, Miami, for Appellee-Capri Riviera Beach, Inc.
Rehearing and Rehearing En Banc Denied June 17, 1997.
HAUSER, JAMES C., Associate Judge.
Debra S. Daly appeals the trial court's order granting a motion to dismiss filed by the defendant Capri Riviera Beach, Inc. (Capri). We affirm the trial court's order for the reasons stated below.
At approximately 10:00 p.m. on December 1, 1993, Ms. Daly exited a restaurant, owned by the defendant, Denny's Inc., (Denny's) and walked to her automobile in the Denny's parking lot. Upon entering her vehicle, two unknown assailants, who had previously been loitering in the adjacent "Super 8" motel parking lot owned by Capri, surreptitiously walked up to Ms. Daly's car. While one of the assailants stood in front of the car to block her from leaving, the other shot her through the driver's side window with a .357 Magnum handgun. The bullet struck Ms. Daly in the neck. Although there were allegations that the parking lots of Capri's "Super 8" motel and Denny's Restaurant were designed adjacent to each other to encourage customer "cross over" traffic between the two businesses, there was no allegation that Ms. Daly entered, or intended to enter, onto the motel property that evening.
Ms. Daly filed a suit alleging that both Denny's and Capri were negligent. Ms. Daly alleged that prior to the heinous incident, there had been numerous armed robberies, assaults and other criminal acts committed on the Capri property. As a result, Capri had hired a security guard but, unfortunately, the guard's shift did not begin until 11:00 p.m. She further alleged that the Capri property was not properly lighted, enabling the unknown assailants to prey on innocent persons in the Denny's parking lot. Capri filed a motion to dismiss alleging that it owed no duty to protect Ms. Daly, because the criminal tortious act was committed by a third party and Ms. Daly never entered onto Capri's property.
Under the common law, there was no duty to prevent the misconduct of third persons. Trianon Park Condominium *777 Ass'n v. Hialeah, 468 So.2d 912, 918 (Fla. 1985). However, appellate courts have carved out three exceptions to this general proposition. Currently, the duty to protect strangers against the tortious conduct of another can arise if, at the time of the injury, the defendant is in actual or constructive control of:
1. the instrumentality;
2. the premises on which the tort was committed; or
3. the tort-feasor.
Vic Potamkin Chevrolet, Inc. v. Horne, 505 So.2d 560, 562 (Fla. 3d DCA 1987) (en banc), approved, 533 So.2d 261 (Fla.1988). Since Capri did not own the weapon that injured the plaintiff, the tortious incident did not take place on Capri's property, and Capri had no connection with the tort-feasors, none of the above exceptions apply to the case at bar.
However, relying upon Thunderbird Drive-In Theatre v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990), Ms. Daly argues that if the landowner creates a "zone of risk" then the landowner can be held liable in negligence for an injury that took place off the landowner's property. In Thunderbird, a motorcyclist collided with a pick up truck as the truck driver was attempting to make a left hand turn. The accident occurred at the drive-in theater's entrance. There was evidence that the traffic congestion was caused by vehicles attempting to enter the theater. The motorcyclist alleged that Thunderbird Theater was negligent in the design and maintenance of the entrance of the theater, that this negligence caused the traffic to build up on the adjacent road, that the theater failed to ameliorate the situation by hiring additional police personnel to supervise the traffic and that this negligence was the proximate cause of the accident. After a jury verdict for the motorcyclist, the theater appealed. The theater argued that it was not negligent and further, that it was not the proximate cause of the accident.
Unlike the landowner in Thunderbird, whose design of the theater entrance helped create the traffic problem, Capri did not create the conditions that led to the criminal conduct by the third parties in this case. To hold that Capri owed a duty to Ms. Daly in this case would mean that owners of not only just parking lots, but also vacant land, would be required to take additional precautions, such as lighting and fencing, to prevent the criminal conduct of third persons. Ms. Daly has not cited, nor has this court found, any case which would extend the law of landowner liability that far, and we decline to do so in this case. We, therefore, affirm the trial court's order granting Capri's motion to dismiss.
AFFIRMED.
WARNER, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, Judge, concurring specially.
I concur in the holding that Capri owed no legal duty to Daly under the facts of this case. There was no relationship between the two parties that might have imposed a duty on Capri to protect Daly from a criminal attack on property adjacent to that owned by Capri. For example, in Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA), appeal dismissed, 589 So.2d 291 (Fla.1991), a bar owner's duty of reasonable care to its invitees extended beyond its business premises to adjacent property where patrons commonly parked in accordance with the instructions of the bar's security guards. In Shurben v. Dollar Rent-A-Car, 676 So.2d 467 (Fla. 3d DCA 1996), a car rental agency had a duty to warn its customer of foreseeable criminal conduct in certain areas of Miami.
The general rule in other jurisdictions is that absent a special relationship, a landowner owes no duty to protect another from intentional criminal acts that occur off the landowner's property. See Steinmetz v. Stockton City Chamber of Commerce, 169 Cal.App.3d 1142, 214 Cal.Rptr. 405, 408 (1985) (no duty to protect plaintiff from injury by third party on land not owned, possessed, or controlled by landowner); Buck v. Acme Markets, Inc., 53 Md.App. 151, 456 A.2d 47, 51 (1982) (no duty on private landowner to protect one on public way); Jones v. Williams, 160 Mich.App. 681, 684, 408 *778 N.W.2d 426, 428 (1987) (no duty to patron attacked off premises adjacent to tavern); Groce v. Kansas City Spirit, Inc., 925 S.W.2d 880 (Mo.App.1996) (operator of festival owed no duty to protect a festival attendee from criminal attack in a blocked off street outside perimeter of festival grounds); Hutchins v. 1001 Fourth Ave. Associates, 116 Wash.2d 217, 802 P.2d 1360 (1991) (no duty to protect plaintiff from intentional criminal conduct of third parties on abutting land).
A case factually analogous to this one is Medina v. Hillshore Partners, 40 Cal. App.4th 477, 46 Cal.Rptr.2d 871 (1995), which involved a wrongful death action against the owner of an apartment complex under theories of negligence and premises liability. The deceased was shot by gang members one-half block from the owner's property. The plaintiff contended that the owner was liable because gang members were allowed to congregate in and around the complex. Medina held that the landowner owed no duty to protect members of the public from gang members who congregated around the apartment complex and assaulted individuals on adjacent public streets. The court observed:
In California, a landowner owes a duty to exercise ordinary care in the use and management of his or her land. "Normally, the duties do not extend to persons outside the land, e.g., on adjacent land or on the highway." Absent a special relationship, the landowner has no duty to protect members of the public against criminal activities occurring in a public sidewalk or street.
Id. at 874 (citations omitted). The court reasoned that negligence and premises liability causes of action failed because no facts were alleged that "the decedent entered the apartment complex or was assaulted on property controlled by the landowner." Id. at 875.
Both Florida and out-of-state authorities support the result reached in this case.