KLEIN, J.
Appellant plaintiff sued defendant, a night club, for negligently advising her to park at a nearby city-owned parking lot, late at night, alleging that defendant knew or should have known it would be dangerous. We reverse an order dismissing the complaint for failure to state a cause of action.
The complaint alleges that the plaintiff arrived at the club about 10:00 P.M. and, because the club parking lot was full, a bouncer advised her that the municipal parking lot down the street was safe. When plaintiff returned to the lot about 3:00 A.M. she was assaulted and injured. The complaint alleges that the club knew or should have known that similar criminal incidents at the city parking lot had occurred in the past and that the club was therefore negligent in advising its patrons to park there.
In Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991), a motel with a bar advised its patrons, when its *1273 own parking lot was Ml, to park on adjacent property, which it did not own. A patron who did so was shot, and we held that the fact that the injury occurred on non-owned property did not insulate the Holiday Inn from liability, where the evidence showed a history of violent incidents and failure to provide adequate security. The trial court concluded that Shelburne was not controlling because the non-owned property here was a parking lot operated by the city.
The fact that this parking lot was operated by the city does not, in and of itself, distinguish this case from Shelburne. Although the city could also be responsible, that would not absolve the night club from liability for negligently advising its patrons to park there, when it knew or should have known of the danger. See also Nova Southeastern Univ., Inc. v. Gross, 758 So.2d 86 (Fla.2000) (university could be liable for assigning student to do an internship in an off-campus location having a history of criminal incidents). Reversed.
POLEN and STEVENSON, JJ., concur.