PETERSON, J.
Winner FL, LLC, (“Winner”), appeals a summary final judgment entered in favor of APAC-Florida, Inc., (“APAC”), in the foreclosure of a mechanics lien initiated by APAC. APAC is a paving contractor that contracted with Winner to resurface Winner’s hotel parking area and complete other construction items. We reverse because issues of fact remain.[1]
The unresolved issues should have precluded the trial court from granting summary judgment to APAC, the movant, who had the burden of proving conclusively the non-existence of any genuine issue of material fact. E.g., City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000). Issues remain regarding the unfinished construction of an island in Winner’s parking lot, timing of paving of the main parking lot, water pooling and flooding and water lines damaged during construction. Discussion of these items follows, but our concentration on these items is not to be interpreted as a restriction upon the parties or the trial court to consider other issues upon remand.
I. THE ISLAND
The contract required APAC to “Sawcut and remove existing base/asphalt for new planter” in Item 2 and “Furnish and install 6” Extruded curb (new island and edge of drive)” in Item 5. Winner contends that APAC failed to complete the island and APAC does not deny it had the burden to construct an island but asserts that it was excused from doing so because Winner did not provide engineering drawings. The trial court’s reason for granting summary judgment on this issue was that the contract did not provide any specific price for the island and Winner did not carry its burden to prove any damages for this incomplete item.
The contract contains no provision that would place the burden of engineering drawings on either party nor does it indicate engineering drawings were required for the project. This issue of fact is unresolved as is the issue of pricing for the construction. The absence of a specific price in the contract for the construction of the island does not eliminate the possibility that it could not have been included in the total contract price.
Winner, as the non-moving party, was not required to produce evidence at APAC’s summary judgment hearing in order to prove its case. Available inferences are allowable in order to survive a motion for summary judgment and it is a reasonable inference that if APAC had a burden to construct the island and failed to complete that construction, Winner incurred damages. See, e.g., Platel v. Moronda Homes, Inc., 423 So.2d 627 (Fla. 5th DCA 1982).
II. TIMING OF PAVING
Paragraph 6 of the contract provides that: “Pricing includes paving main lots over a two day period and during Monday-Thursday.” The judgment confusingly indicates that no language is included in the contract that would require “all” paving work to be completed within five days. Winner claims the provision was inserted in order to prevent work on its parking area from interfering with its primary weekend guest revenue and that this provision was violated resulting in loss of rev *633 enue. APAC claims that the provision has no relation to guest traffic; it relates only to the “pricing” of the job. These varying interpretations plainly indicate the existence of a material issue of fact that must be resolved by the trier of fact and not by summary judgment.
III.WATER POOLING AND FLOODING
Winner claims that APAC’s paving altered the existing drainage pattern causing flooding and improper draining and that the condition did not exist prior to APAC’s paving. APAC and the final judgment rely upon paragraph 10 of the contract that provides:
Asphalt resurfacing to conform to the existing drainage patterns, and may be restricted by existing elevation requirements, therefore, 100% positive drainage cannot be assured.
We believe that a significant difference exists between Winner’s assertion that significant pooling and poor drainage of surface water occurred that did not exist prior to APAC’s paving and the assertion that perfect or 100% drainage cannot be assured after the paving. This issue remains unsolved.
IV.DAMAGED WATER LINES
During APAC’s construction, two water supply lines to Winner’s hotel were damaged. Winner contends that the event caused two of its buildings to be without water for two days and that it suffered damages in the amount of $40,000. APAC contends that the lines were immediately repaired and claimed, at one point, that the lines were for irrigation rather than supply lines to the hotel.
Athough the trial court accepted the contention that two water supply lines were broken, it dismissed Winner’s preliminary estimate of lost revenue and accepted APAC’s contention that the break was inevitable. Damages from the broken lines could have been inferred and an issue of fact remains as to whether the break was inevitable and the time period in which the lines remained unrepaired.
V.ATTORNEY’S FEES
Both parties have requested an award of attorneys’ fees as a prevailing party pursuant to section 713.29, Florida Statutes (2000). We deny APAC’s motion for fees but conditionally grant recovery of Winner’s appellate attorney’s fees if it prevails before the trial court upon remand.
VI.CONCLUSION
The summary final judgment is vacated and the matter remanded for further proceedings.
REVERSED AND REMANDED.
SHARP, W. and TORPY, JJ„ concur.

. Winner counterclaimed and although the trial court did not consider the counterclaim on its merits, counsel advised this court, during oral arguments, that the summary final judgment resolved the issues raised in that counterclaim.