ON MOTION FOR REHEARING

STONE, J.
We deny Appellee’s motion for rehearing. However, we withdraw our opinion dated March 31, 2004, and substitute the following opinion:
We reverse a judgment entered on a jury verdict against Wal-Mart Stores, Inc. based on counts for breach of contract and negligence. Caruso contracted to practice optometry in Wal-Mart’s vision center. The claim for breach of contract arose out of Wal-Mart’s failure to renew the contract. The negligence claims arose from an incident in which a Wal-Mart employee, Femesha Foster, attempted to poison Caruso.
In 1998, Caruso and Wal-Mart entered into the contract, pursuant to which Caruso would practice optometry at the store for one year. The contract provided that a percentage of Caruso’s gross sales receipts would be paid to Wal-Mart as rent and for administrative services provided by Wal-Mart. Upon termination of the contract, in September 1999, the parties entered *104 into a renewal agreement, which included a net revenue guarantee to Caruso for another year, ending September 2001.
Caruso claims Wal-Mart entered into another extension of the contract until September 1, 2002 and, alternatively, that Wal-Mart’s failure to renew the contract was in retaliation for Caruso’s lawsuit against Wal-Mart.
The record reflects that Wal-Mart hired Foster to assist Caruso in the vision center. At some point during the interview process, Foster mentioned that she used to work for a doctor; however, she did not list a doctor on her application as a previous employer. In fact, Foster had stolen checks and destroyed files during the course of that employment. As a result, Foster was arrested and convicted. While Wal-Mart never contacted that doctor, they called Foster’s listed previous employers and verified that she was a dependable employee.
While Foster was working under Caruso, the vision center suffered numerous thefts. To combat this, Patricia O’Brian, who worked in the “loss prevention” department, installed a security camera in Caruso’s office. Caruso and O’Brian planned that Caruso would leave his checkbook on his desk in order to “catch a thief.” On the morning of the incident, O’Brian told Caruso that she would watch the surveillance camera throughout the day.
Later that day, Caruso bought lunch and brought it to his desk to eat. Coincidentally, O’Brian left the surveillance screen momentarily unattended. She testified that, upon seeing Caruso sitting at his desk, she thought that it was a good time for her to also get lunch. Upon finishing his lunch, Caruso returned to work and left an opened can of Dr. Pepper on his desk. While Caruso was away from his desk, the video camera captured Foster putting rat poison into Caruso’s Dr. Pepper can. Upon returning to his desk, Caruso took a sip of the drink and noticed it contained suspicious granules. Caruso notified O’Brian that he suspected he may have been poisoned. The surveillance video revealed that Caruso had, in fact, been poisoned by Foster. Caruso was taken to the hospital for observation and treatment.
Caruso maintains that O’Brian was negligent in leaving the surveillance screen temporarily unattended and that Wal-Mart acted negligently in hiring and retaining Foster.
We conclude that the trial court erred in denying Wal-Mart’s motion for directed verdict as to the contract claim because there was no evidence of a new agreement, that would extend Caruso’s contract through September 1, 2002, or preclude Wal-Mart from declining to renew the expired contract. Rather, the terms of the agreement entered into by Caruso and Wal-Mart expressly and unambiguously stated that the contract was for a definite period of time and provided no restriction as to Wal-Mart’s ability to decline renewal. As there was no remaining contractual relationship between Caruso and Wal-Mart after August 2001, the trial court erred in denying Wal-Mart’s motion for directed verdict.
We note that Caruso, in his answer brief, argues that this court should affirm the breach of contract verdict because Wal-Mart failed to provide Caruso with an assistant, pursuant to the terms of the agreement, for the last seven months of his contract. This is a completely different theory than that which was pled or argued in the lower court. Further, the issue was not tried by consent. Although Wal-Mart failed to provide Caruso with the assistant for a period of time, the evidence that includes this fact was intro *105 duced and relevant to support Caruso’s claim that he was damaged by Wal-Mart’s failure to renew his contract in retaliation for filing civil charges. Therefore, as Caruso never moved to amend the pleadings to include the additional argument and, as the evidence supporting the additional argument was relevant to another claim, he is barred from arguing the issue for the first time on appeal. See Dober v. Worrell, 401 So.2d 1322, 1323 (Fla.1981).
With regard to the negligence claims, Wal-Mart cannot be found negligent in its surveillance of Caruso’s office because Wal-Mart did not owe Caruso a duty to protect him from harm that was not foreseeable. An owner of a premises is only required to protect against criminal acts by third parties if the act is reasonably anticipated and the owner had actual or constructive knowledge of the specific danger. Relyea v. State, 385 So.2d 1378, 1383 (Fla. 4th DCA 1980); Highlands Ins. Co. v. Gilday, 398 So.2d 834, 836 (Fla. 4th DCA 1981).
Although Wal-Mart agents knew that larcenies had been committed in the vision center, the knowledge did not provide Wal-Mart with the requisite notice that Foster would attempt to commit a violent criminal act. or pose a risk to physical safety. Caruso acknowledged that he never suspected Foster as the one who had committed the thefts, nor did he suspect Foster would attempt to poison or otherwise injure him. Additionally, even if Wal-Mart assumed a special duty to “catch a thief,” it still did not assume a duty to protect Caruso from bodily harm as a result of an unforeseeable criminal act. See Malicki v. Doe, 814 So.2d 347, 362 (Fla.2002) (“The core predicate for imposing liability is one of reasonable foreseeability-the cornerstone of our tort law.”). Therefore, Caruso failed to make a prima facie case of negligence or negligent hiring.
Further, liability for the negligent retention of an employee occurs in circumstances where the employer knows or should have known that the employee was unfit. Malicki, 814 So.2d at 362. In Malicki, the supreme court recognized that a court need only look to whether “the specific danger which ultimately manifested itself could have reasonably been foreseen” as a result of hiring or retaining an employee. Id. at 363. Based on the foregoing reasoning, Caruso also fails to make a prima facie case for negligent retention.
We, therefore, reverse and remand for entry of judgment in favor of Wal-Mart.
GROSS and HAZOURI, JJ., concur.