[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2007
THOMAS K. KAHN
CLERK

-------------------------------------

No. 05-17070
Non-Argument Calendar

-------------------------------------

D.C. Docket No. 04-80637-CV-KLR

BENJAMIN KAFKA,
JEFFREY KOHN,
JESSICA KOHN,
MARK QUINN,

Plaintiffs-Appellants,

versus

WACHOVIA BANK, N.A.,

Defendant-Appellee.

------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------

**(February 28, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Benjamin Kafka, Jeffrey Kohn, Jessica Kohn, and Mark Quinn (collectively the "Plaintiffs") appeal the district court's grant of summary judgment to Wachovia Bank, N.A. ("Wachovia") on their claim that Wachovia was negligent in improperly issuing signature guarantees on stock certificates belonging to Plaintiffs.[1] No reversible error has been shown; we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts -- as supported by the evidence in the record -- and reasonable inferences from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. Id.

Plaintiffs claim that they owned shares of common stock in American Group, Inc., a publicly traded corporation. Plaintiffs assert that unknown persons forged Plaintiffs' signatures on stock certificates representing Plaintiffs' American Group shares and that a Wachovia employee applied a medallion signature

---

[1]We have subject-matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(a) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." And the parties do not dispute that Florida law applies in this case.

guarantee to the forged signatures.[2]  Plaintiffs allege that, because Wachovia acted negligently, Plaintiffs' American Group shares were allowed to be transferred to unknown third parties without Plaintiffs' knowledge or consent.[3]

The district court granted summary judgment to Wachovia, concluding that Plaintiffs' negligence claim was displaced by Fla. Stat. § 678.3061, which is part of Florida's version of the Uniform Commercial Code ("U.C.C.").[4]  In the alternative, the district court explained that Plaintiffs' negligence claim failed because Florida law does not support the contention that a signature guarantor, such as Wachovia, owes a duty to a stock certificate owner.

---

[2]Wachovia's signature guarantee is part of the Securities Transfer Agents Medallion Program, which is an official signature guarantee program recognized by the financial industry.

[3]Plaintiffs' relationship with Wachovia is not clear.  In their complaint, Plaintiffs asserted that they were not customers of Wachovia.  But in their brief on appeal, Plaintiffs argue that three of the four Plaintiffs were not customers of Wachovia.  The status of Plaintiffs' relationship with Wachovia does not change our analysis of their negligence claim.

[4]Fla. Stat. § 678.3061(1) provides that a "person who guarantees a signature of an indorser of a security certificate warrants" at the time of signing that (1) the signature was genuine; (2) the signer was an appropriate person to indorse the certificate; and (3) the signer has legal capacity to sign. This warranty is "made to a person taking or dealing with the security in reliance on the guaranty, and the guarantor is liable to the person for loss resulting from the breach." Fla. Stat. § 678.3061(8). In determining that section 678.3061 displaced common law negligence claims, the district court explained that permitting Wachovia to be held liable for acts that were insufficient to establish liability under Florida's version of the U.C.C. would thwart the purposes of the U.C.C.  See Fla. Stat. § 671.103 ("Unless displaced by the particular provisions of this code, the principles of law and equity . . . shall supplement its provisions."); Weiner v. Am. Petrofina Mktg., Inc., 482 So.2d 1362, 1364 (Fla. 1986) ("Although general principles of law and equity are applicable to supplement the provisions of the code, they will not prevail when in conflict with code provisions.").

We need not address whether Florida's adoption of the U.C.C. on the effect of signature guarantees displaces common law negligence claims because we conclude that, even if such claims were not displaced, Plaintiffs have failed to demonstrate that Wachovia violated a duty owed to them.

Plaintiffs argue that, because Wachovia controlled (1) the medallion stamp, (2) the place where the signature guarantee was made, and (3) the employee who used the medallion stamp to guarantee the signatures on Plaintiffs' stock certificates, Wachovia owed a duty of reasonable care to Plaintiffs. Plaintiffs acknowledge that they essentially were "strangers" to Wachovia; but they assert that a defendant can owe a duty to an unknown person if the defendant is in actual or constructive control of (1) the instrumentality of the harm; (2) the premises where the tort is committed; or (3) the person who committed the tort. See Vic Potamkin Chevrolet, Inc. v. Horne, 505 So.2d 560, 562 (Fla. Dist. Ct. App. 1987).

In making this argument, Plaintiffs cite to no authority discussing breach of a duty owed to unknown persons in the commercial context -- the context presented in the instant case -- but instead rely only on authority involving alleged torts that resulted in physical harm. And, even in those cases cited by Plaintiffs, the courts have failed to conclude that a duty was owed to the unknown person. See id. (car dealer did not owe duty to protect stranger injured in accident caused

4

by driver of vehicle purchased from car dealer); <u>Daly v. Denny's, Inc.</u>, 694 So.2d 775, 777 (Fla. Dist. Ct. App. 1997) (restaurant did not owe duty to patron attacked in restaurant parking lot). In the light of the distinguishable authority offered by Plaintiffs, the district court's grant of summary judgment to Wachovia was appropriate.[5]

AFFIRMED.

---

[5]Plaintiffs' reliance on <u>Community Bank v. Bank of Hallandale Trust Co.</u>, 482 F.2d 1124 (5th Cir. 1973), which applied Florida law on a claim that a bank misrepresented a customer's financial condition, is also misplaced. Unlike in <u>Community Bank</u>, Plaintiffs have offered no evidence that Wachovia was aware that the signatures to be guaranteed were false. <u>See</u> <u>id.</u> at 1127 (explaining that defendant bank made a false statement "known by the [bank] to be false at the time it was made"); <u>see</u> <u>also</u> <u>Reimsnyder v. Southtrust Bank, N.A.</u>, 846 So.2d 1264, 1268 (Fla. Dist. Ct. App. 2003) (discussing that <u>Community Bank</u> involved "actual fraud" and not "negligent misrepresentation"). Even though we affirm the grant of summary judgment to Wachovia, we note that Plaintiffs might be able to pursue claims against other persons involved with the fraudulent transaction in this case.