MARSTILLER, J.
William Sealy (“Appellant”) filed a complaint for breach of contract, enforcement of construction lien, and account stated, alleging that Perdido Key Oyster Bar Restaurant and Marina, LLC (“Appellee”), had failed to pay money due to him under a contract for architectural services. Ap-pellee asserted as affirmative defenses, inter alia, that Appellant had no right to bring an action until he registered with the Department of State the fictitious name under which he was doing business, “William Sealy Architects,” as required by section 865.09(9)(a), Florida Statutes (2007); and that the construction lien was void and unenforceable because Appellant had failed to obtain a certificate of authorization from the Department of Business and Professional Regulation to provide architectural services under the fictitious name, as required by section 481.219(2), Florida Statutes (2007). Appellant filed a pleading denying the affirmative defenses.
Appellee moved to dismiss the complaint and to dismiss and discharge the lien based on the affirmative defenses set out above. The trial court granted the motions and entered a Final Judgment of Dismissal With Prejudice, Discharge of Lis Pendens and Discharge of Claim of Lien. Appellant argues that the court erred in granting Appellee’s motions because in doing so, the court considered matters beyond the four corners of the complaint.
Indeed, the final judgment reflects that in considering Appellee’s motions, the trial court not only conducted a “review of the pleadings,” but also reviewed and ultimately relied on additional material submitted by Appellee. The material dehors the pleadings included Appellant’s deposition testimony and printed copies of pages from the Department of State’s website, wmo.sunbiz.org, purportedly showing that “William Sealy Architects” is not a registered fictitious name.
The purpose of a motion to dismiss is to test the legal sufficiency of a *368 complaint, not to determine factual issues. See Felder v. Dep’t of Mgmt. Servs., Div. of Retirement, 993 So.2d 1031, 1034 (Fla. 1st DCA 2008). “For purposes of ruling on a motion to dismiss, the trial court may-look no further than the four corners of the complaint, and all allegations in the complaint must be accepted as true.” Nevitt v. Bonomo, 53 So.3d 1078, 1081 (Fla. 1st DCA 2010). Clearly, the trial court here looked beyond Appellant’s complaint, and erred in doing so. Even if, as it appears, the court treated Appellee’s motions as seeking judgment on the pleadings, the court reversibly erred because when ruling on such a motion, a court must accept as true the allegations of the party opposing the motion, and treat as false all allegations of the movant that were denied. See Holley v. Innovative Tech. of Destin, Inc., 803 So.2d 749, 750 n. 2 (Fla. 1st DCA 2001); accord Cuccarini v. Rosenfeld, 76 So.3d 328, 330 (Fla. 3d DCA 2011). Although Appellant denied Appel-lee’s affirmative defenses, the trial court failed to consider the relevant allegations false. Instead, the court permitted Appel-lee to prove up its defenses. This was error. Accordingly, we reverse the final judgment and remand the matter for further proceedings.
Both parties have filed motions in this court seeking an award of appellate attorney’s fees pursuant to section 713.29. We deny Appellee’s motion, and conditionally grant Appellant’s motion should he ultimately prevail below. See Winner FL, LLC v. APAC-Fla., Inc., 869 So.2d 631, 633 (Fla. 5th DCA 2004).
REVERSED and REMANDED.
THOMAS and ROBERTS, JJ., concur.