# Third District Court of Appeal

## State of Florida

Opinion filed April 18, 2018.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D17-1420
Lower Tribunal No. 15-24843

————————

**Competitive Softball Promotions, Inc., etc.,**
Appellant,

vs.

**Yasser Ayub, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Conroy Simberg, and Hinda Klein (Hollywood), for appellant.

Fischer Redavid PLLC, and Jordan Redavid, for appellee.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

ROTHENBERG, C.J.

Competitive Softball Promotions, Inc. ("CSP") appeals the trial court's entry of an order denying its post-trial motion for a directed verdict or a new trial, which was entered after Yasser Ayub ("Ayub") prevailed in a jury trial. For the reasons that follow, we find that the trial court erred by denying CSP's motion for a directed verdict, and therefore, we reverse and remand with instructions to the trial court to enter a directed verdict in CSP's favor.

## BACKGROUND

Ayub is a member of a softball team that participated in a softball tournament that was run by CSP at a public park that is owned by Miami-Dade County. CSP paid Miami-Dade County for the right to use several softball fields, but there are common areas open to the public outside of the rented fields and dugouts. On the morning on the day of the tournament, Ayub's team had a heated altercation with another team during a softball game, and the umpire declared that both teams forfeited the game as a result. Later that evening, another fight broke out between members of the two teams in a common area of the park, outside of the rented softball fields and dugouts. Ayub was injured during this second altercation while allegedly attempting to keep the other players from fighting. The fight ultimately ended after the police arrived.

Ayub filed a premises liability cause of action against CSP, alleging that CSP had a duty to keep its business invitees safe and that CSP breached this duty

2

by failing to provide adequate security during the softball tournament. During the proceedings before the trial court, CSP repeatedly raised the argument that it had no duty to provide security in the common area of the public park where the fight occurred because CSP did not have any control over that area. After hearing the arguments and evidence at trial, the jury returned a verdict in favor of Ayub and against CSP in the amount of $319,914.71, and the trial court entered a final judgment. Thereafter, CSP filed a renewed motion for a directed verdict and a new trial, reiterating that Ayub failed to establish that CSP controlled the premises on which Ayub was injured, and thus, CSP owed no legal duty to Ayub.[1] The trial court denied the motion, and this appeal followed.

## ANALYSIS

We review a trial court's ruling on a motion for a directed verdict de novo, and we must evaluate the evidence in the light most favorable to the nonmoving party. Fasani v. Kowalski, 43 So. 3d 805, 812 (Fla. 3d DCA 2010); Posner v. Walker, 930 So. 2d 659, 665 (Fla. 3d DCA 2006). Whether a legal duty exists is a question of law subject to the de novo standard of review. Weber ex rel. Estate of Weber v. Marino Parking Sys., Inc., 100 So. 3d 729, 730 (Fla. 2d DCA 2012); R.J.

---

[1] Because we reverse the trial court's order denying CSP's motion for a directed verdict and remand for judgment in favor of CSP based on our finding that CSP did not owe Ayub a legal duty, we decline to discuss the other issues that CSP raised in its post-trial motion and on appeal.

3

Reynolds Tobacco Co. v. Grossman ex rel. Estate of Grossman, 96 So. 3d 917, 920 (Fla. 4th DCA 2012).

Negligent security cases, such as this one, fall under the auspices of premises liability. See Nicholson v. Stonybrook Apartments, LLC, 154 So. 3d 490, 493-94 (Fla. 4th DCA 2015). The legal duty to protect invitees from injuries caused by third parties is tied to the defendant's control over the premises where the injury occurred. Brown v. Suncharm Ranch, Inc., 748 So. 2d 1077, 1078 (Fla. 5th DCA 1999). Therefore, generally, if the plaintiff cannot demonstrate that the defendant controlled the premises where the plaintiff was injured, then the defendant cannot be liable for failing to protect the plaintiff from third-party misconduct. Publix Super Markets, Inc. v. Jeffery, 650 So. 2d 122, 124 (Fla. 3d DCA 1995) (holding that Publix, as lessee of a store in a shopping center, had no duty to protect its invitees from third-party criminal assaults in the adjoining parking lot because Publix was not responsible for and did not control the parking lot); see also Daly v. Denny's, Inc., 694 So. 2d 775, 777 (Fla. 4th DCA 1997) ("[T]he duty to protect strangers against the tortious conduct of another can arise if, at the time of the injury, the defendant is in actual or constructive control of: 1. the instrumentality; 2. the premises on which the tort was committed; or 3. the tort-feasor.").

Control over the premises is demonstrated where the defendant is shown to have the right to control access to the property. Brown, 748 So. 2d at 1078 ("The duty to protect others from injury resulting from a dangerous condition on a premises rests on the party who has the right to control access by third parties to the premises, be it the owner, an agent, or a lessee of the property."); Welch v. Complete Care Corp., 818 So. 2d 645, 649 (Fla. 2d DCA 2002) ("The duty to protect others from injury resulting from a dangerous condition on the premises rests on the right to control access to the property.").

In the instant case, there is no evidence in the record to suggest that CSP exercised any control over the premises where Ayub was injured. Ayub was injured in a common area of a public park that is owned by Miami-Dade County, and CSP only rented the softball fields adjacent to this common area. Although Ayub suggests that there was evidence that CSP used the common areas of the public park to collect fees from the members of the softball teams and posted tournament results in the common area, this limited use in a common area does not demonstrate the type of control necessary to give rise to a duty to provide adequate security against third-party misconduct. Namely, this kind of use does not suggest that CSP had the authority to control access to and from the common areas of the public park. See Publix Super Markets, Inc., 650 So. 2d at 125 (reasoning that Publix did not control the parking lot because, although Publix bag carriers used

5

the parking lot and Publix previously hired security guards for the parking lot, this "limited use" did not indicate that Publix had the authority to exclude anyone from the premises).

Alternatively, Ayub argues on appeal that CSP had a duty to secure the area where the fight took place because it was foreseeable that there could be a fight outside of the premises CSP controlled. On the facts of this case, we disagree. It is true that a duty can arise where the defendant's conduct **creates** conditions that cause injuries to invitees that occur beyond the limits of the premises within the defendant's control. In those cases, the scope of the defendant's duty extends to the foreseeable zone of risk that the defendant's conduct created. See Almarante v. Art Inst. of Fort Lauderdale, Inc., 921 So. 2d 703, 705 (Fla. 4th DCA 2006) ("A landowner's **conduct** can give rise to a zone of risk extending beyond the physical boundaries of his property when harm reaching outside those boundaries is foreseeable.") (emphasis added); Daly, 694 So. 2d at 777 (holding that the landowner did not have a duty to protect the plaintiff from third-party criminal conduct taking place outside of the landowner's property, contrary to the plaintiff's theory that the landowner created a "zone of risk," because the landowner "**did not create the conditions** that led to the criminal conduct by the third parties") (emphasis added); Johnson v. Howard Mark Prods., Inc., 608 So. 2d 937, 938 (Fla. 2d DCA 1992). In the instant case, however, there is no record evidence that CSP's

conduct created the conditions that led to the fight in the common area of the public park, and thus, CSP did not owe Ayub a duty to secure the area where the fight occurred.

## **CONCLUSION**

In conclusion, we find that the trial court erred by denying CSP's motion for a directed verdict. The record reflects that CSP exercised no control over the common areas of the public park, and thus, it had no duty to provide adequate security to protect its invitees there. On these facts, because Ayub was injured in this common area, CSP's liability cannot be implicated. Additionally, we find the remainder of Ayub's arguments on appeal to be without merit, and thus, we decline to specifically address them here. Accordingly, we reverse the trial court's order denying CSP's motion for a directed verdict and remand with instructions to the trial court to enter a directed verdict in CSP's favor.

Reversed and remanded.