# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1355
Lower Tribunal No. 20-8528
_____

**Eduardo Cuesta**,
Appellant,

vs.

**Jose Estevanell, et al.**,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP, and Gustavo D. Lage and Augusto R. Lopez, for appellant.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez and Francesca M. Stein, for appellee Royal Palm Estates Association, Inc.


Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Competitive Softball Promotions, Inc. v. Ayub, 245 So.

3d 893, 895 (Fla. 3d DCA 2018) ("[G]enerally, if the plaintiff cannot demonstrate that the defendant controlled the premises where the plaintiff was injured, then the defendant cannot be liable for failing to protect the plaintiff from third-party misconduct."); Knight v. Merhige, 133 So. 3d 1140, 1145 (Fla. 4th DCA 2014) ("[T]here is no duty to control the conduct of a third person to prevent [that person] from causing physical harm to another." (quoting Carney v. Gambel, 751 So. 2d 653, 654 (Fla. 4th DCA 1999))); Wal-Mart Stores, Inc. v. Caruso, 884 So. 2d 102, 105 (Fla. 4th DCA 2004) ("An owner of a premises is only required to protect against criminal acts by third parties if the act is reasonably anticipated and the owner had actual or constructive knowledge of the specific danger.").