# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-0932
_____

EDWARD BING, as personal
representative of The Estate of
Kayla Nicole Bing Jackson,

    Appellant,

    v.

ALACHUA COUNTY, et al.,

    Appellees.

_____

On appeal from the Circuit Court for Alachua County.
Gloria Walker, Judge.

August 7, 2024

LEWIS, J.

Appellant, Edward Bing, appeals from an order dismissing his fourth amended complaint for wrongful death that he filed after his daughter ("the decedent") was fatally shot while walking to her car across the street from a parking lot owned by Appellee, Alachua County. Appellant argues that the trial court erred in determining that Appellee had no duty to the decedent. For the following reasons, we agree with the trial court that no duty existed and, therefore, affirm the order on appeal.

*Factual Background*

On the night of her death, the decedent attended a "Thirsty Thursday" event in Gainesville that was held in the vicinity of a parking lot owned by Appellee. While returning to her car that was parked at a location not owned by Appellee, she was struck by a stray bullet that was fired by an individual who was located in Appellee's parking lot. Appellant, as personal representative of the decedent's estate, filed suit against Appellee along with those entities who were involved with hosting the event. As for his claim against Appellee, Appellant asserted that "[d]ue to inadequate lighting and security in the parking lot owned by [Appellee], the killer and his cohorts were able to congregate and lie in ambush in the parking lot, waiting for the crowds to leave the bar and make their way towards the parking lot owned by [Appellee], as well as the parking lot that was situated behind and adjacent to the businesses . . . ." Appellant further claimed that Appellee owed a non-delegable duty to members of the public walking immediately adjacent to its parking lot and within the zone of risk it created through its negligence. Appellant alleged that by permitting members of the public to use its parking lot, Appellee undertook the duty to maintain its premises in a reasonably safe condition for both invitees and the public. Appellee allegedly breached its duty by failing to provide adequate security guards, off-duty police officers, or any other supervisory personnel to patrol and maintain control over its parking lot and by failing to warn members of the public walking in the area immediately adjacent to the parking lot of the dangers present there.

Appellee moved to dismiss the claim against it, arguing that Appellant failed to establish that it owed any duty to individuals not on its premises. According to Appellee, Appellant did not allege any special relationship between it and the decedent, and Appellant did not allege that Appellee had any connection with the event other than letting the general public park their vehicles in the lot during evening hours.

In its Order Dismissing Plaintiff's Fourth Amended Wrongful Death Complaint with Prejudice as to Alachua County for Failure to State a Cause of Action, the trial court set forth in part as follows:

2

3)     Plaintiff's theory against the County is that it owed a duty to its invitees and the general public to maintain its property with adequate safety, and that the County took inadequate steps to protect the safety of its invitees and the general public on property adjacent to its premises.

4)     Plaintiff fails to allege any relationship between the Decedent and the County to establish that the Decedent was an invitee of the County, or was on the County's premises.  Instead, Plaintiff alleges that a duty of care was owed to the public in general who were in the immediate vicinity of the premises.

5)     A special duty to an individual must exist to establish a government's duty of care for purposes of tort liability. . . .

6)     Plaintiff alleges that failure on the part of the County to provide adequate security in its parking lot created a foreseeable zone of risk to individuals in the immediate vicinity of the parking lot.  The Court finds that Plaintiff's reliance on the cases cited for this proposition are misplaced, and cannot form the basis of a duty on the part of the County extending to Plaintiff under the allegations set forth in the Fourth Amended Complaint.

7)     Plaintiff further alleges that the County undertook a duty to protect individuals on its premises by maintaining a parking lot.  Again, aside from defects in the land or design of the premises as recognized in certain cases, Plaintiff cannot rely upon those cases to establish a duty on the part of the County extending to Plaintiff's decedent.

8)     *Trianon Park Condo Association v Hialeah*, 468 So. 2d 912, 918 (Fla. 1985), reiterated the rule at common law that there is no common law duty to prevent the misconduct of third persons.

3

9) Plaintiff makes several conclusory statements and allegations in support of his claim. However, given the basic facts alleged, there are no statements or allegations giving rise to a duty on the part of the County to protect someone who is not on its premises, and the Court does not believe that Plaintiff is able to plead that the County had an obligation to conform to a certain standard of conduct towards Plaintiff's Decedent.

10) Moving beyond the question of whether, under the facts alleged, any duty exists as a matter of law, given the elements of a cause of action for negligence are duty, breach, and causation, the Court does not believe that assuming a duty existed and it was breached, the Plaintiff is able to plead a sufficiently close connection between the County's assumed non-conforming conduct and the resulting harm caused by a stray bullet.

11) Given the operative facts as set out in the pleadings, memoranda, and the Court's findings, it is clear that given another chance to plead, Plaintiff will be unable to state a justiciable cause of action against Alachua County, and so the Complaint is unamendable.

12) If a complaint cannot be amended to state a justiciable claim, the complaint should be dismissed with prejudice. . . .

This appeal followed.

*Analysis*

Whether a complaint's allegations are sufficient to state a cause of action is a question of law reviewable de novo. *Aguila v. Hilton, Inc.*, 878 So. 2d 392, 395 (Fla. 1st DCA 2004). A trial court may not look beyond the four corners of the complaint when ruling on a motion to dismiss, and all allegations in the complaint must be accepted as true. *Sealy v. Perdido Key Oyster Bar & Marina, LLC*, 88 So. 3d 366, 368 (Fla. 1st DCA 2012).

The tort of negligence includes the four elements of duty, breach, causation, and damages. *Casey v. Mistral Condo. Ass'n,*

4

*Inc.*, 380 So. 3d 1278, 1283 (Fla. 1st DCA 2024).  The element of duty is ordinarily a question of law for the trial court to decide rather than a question of fact.  *Id.*  As explained by the Florida Supreme Court, a legal duty exists if a defendant's conduct creates a foreseeable zone of risk that poses a general threat of harm to others.  *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992).  A defendant who creates a foreseeable zone of risk has a duty either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.  *Id.* at 503. It has also been held that since negligent security actions concern the landowner's failure to keep the premises safe and secure from foreseeable criminal activity, negligent security cases fall under the auspices of premises liability as opposed to ordinary negligence.  *Nicholson v. Stonybrook Apartments, LLC*, 154 So. 3d 490, 494 (Fla. 4th DCA 2015).  In premises liability cases, a defendant's duty to the plaintiff is dependent on the plaintiff's status to the land.  *Id.*

"A landowner is under a duty to invitees to maintain his premises in a reasonably safe condition.  That duty extends to the means which the landowner has expressly provided for use by the invitees for ingress and egress."  *Gutierrez v. Dade Cnty. Sch. Bd.*, 604 So. 2d 852, 853 (Fla. 3d DCA 1992).  It is undisputed in this case that the decedent was not Appellee's invitee. Notwithstanding that fact, Appellant argues that by permitting the decedent's armed killer to use its parking lot to ambush pedestrians leaving the event while the pedestrians were walking adjacent to the parking lot, Appellee created or allowed a foreseeable zone of risk.

As we have explained, it is a general principle that a party has no legal duty to control the conduct of a third person to prevent that person from causing harm to another.  *Aguila*, 878 So. 2d at 398.  A duty to protect an unknown plaintiff from a third party's actions may arise, however, if the defendant is in actual or constructive control of (1) the instrumentality of the harm; (2) the premises upon which the tort is committed; or (3) the person who committed the tort.  *Id.*  Appellant cites *Aguila* and our citation to section 315 of the Restatement (Second) of Torts, which provides in part that "[t]he defining feature of the cases finding a special relationship under section 315(a) is that they all involve situations

5

in which the defendant has a duty of care for the third party who caused the harm." *Id.* We explained that the defining feature for finding such a relationship under section 315(a) was that the cases involved situations in which the defendant had a duty to care for the third party who caused the harm. *Id.* Examples included a parent/child relationship, a school/student relationship, and a retirement home/mentally impaired resident relationship. *Id.* Here, Appellee did not control the gun, *i.e.*, the instrumentality. As for where the tort was committed, Appellee had no control over the property on which the decedent was shot. Nor was there any special relationship alleged between Appellee and the shooter other than the shooter's location on its property.

Appellant also cites *Daly v. Denny's Inc.*, 694 So. 2d 775 (Fla. 4th DCA 1997). However, as Appellee points out, *Daly* supports the trial court's ruling in this case. There, the appellant appealed an order granting a motion to dismiss filed by the defendant Capri Riviera Beach, Inc. *Id.* at 776. The Fourth District explained that the appellant exited a restaurant owned by the appellee and walked to her car in the parking lot. *Id.* Upon the appellant entering her vehicle, two unknown assailants, who had previously been loitering in the adjacent motel parking lot owned by Capri, walked up to her car; one man stood in front of her car while the other shot her in the neck. *Id.* The appellant alleged that prior to the incident, there had been numerous armed robberies, assaults, and other criminal acts committed on the Capri property. *Id.* She also alleged that Capri's property was not properly lighted, which enabled the unknown assailants to prey on innocent persons in the restaurant's parking lot. *Id.* Capri argued that it had no duty to protect the appellant because the act was committed by a third party and the appellant never entered its property. *Id.* In affirming, the Fourth District determined that because Capri did not own the weapon that injured the appellant, the tortious incident did not take place on its property, and it had no connection with the tortfeasors, it had no duty to protect the appellant from the assailants' actions. *Id.* at 777. It observed, "To hold that Capri owed a duty to [the appellant] in this case would mean that owners of not only just parking lots, but also vacant lots, would be required to take additional precautions, such as lighting and fencing, to prevent the criminal conduct of third persons." *Id.* It found no authority to extend the law of landowner liability that far. *Id.*; *see*

*also Competitive Softball Promotions, Inc. v. Ayub*, 245 So. 3d 893, 894–96 (Fla. 3d DCA 2018) (finding no evidence to suggest that the appellant exercised any control over the premises where the appellee was injured or that the appellant's conduct created the conditions that led to the incident at issue and agreeing with the appellant that it had no duty to the appellee).

In a factually similar case to this one, it was explained by a federal magistrate on a motion for judgment on the pleadings that the plaintiff filed an action against the owners of a gas station for damages resulting from the shooting of the decedent, who, while stopped at a traffic light, was shot in the head by a person located on the defendant's premises. *See Johnson v. Exxon Mobil Corp.*, Case No. 6:05-cv-874-Orl-28DAB, 2006 WL 8439360, at *1 (M.D. Fla. June 22, 2006). The plaintiff alleged that the gas station was located in a high crime area and that, by remaining open twenty-four hours a day, the station created a foreseeable risk of harm to its patrons and to the public, including people on adjacent roadways. *Id.* After citing the pertinent Florida law, including a citation to *Daly*, the magistrate explained that there were no allegations that the defendant had control over the gun or control over the tortfeasor "who is not alleged to have been an employee, an agent, or otherwise connected to the Defendant." *Id.* at *2. In analyzing whether the defendant had control over the premises, the magistrate found it critical to define the premises at issue and observed, "As an injury resulting in damages are essential elements of the tort, the tort was not complete until it caused injury to Plaintiff, and that occurred on the public road." *Id.* The magistrate set forth, "Plaintiff's cause of action may have been precipitated by events on Defendant's premises, but the tort accrued off premises, on land not owned or controlled by Defendant." *Id.* He further observed:

> Even if Plaintiff were to show a foreseeability connection between allowing crowds to gather and a person being shot on the public road by a stray bullet, however, "a legal duty is not established by evidence of foreseeability alone." *Aguila v. Hilton, Inc.,* 878 So. 2d 392, 396 (Fla. 1st DCA) . . . . There must also be a showing that, under the *Kaisner-McCain* rule, Defendant's conduct created or controlled the risk. Here, as noted above, there are no

7

allegations sufficient to establish that Defendant had actual control over a third person, nor does Plaintiff allege any facts (such as knowledge that the shooter was armed or that a gunfight was about to ensue) which could arguably trigger a duty to call the police or evict the shooter from the premises. Moreover, Plaintiff's decedent was a stranger to Defendant and not even on the premises when she was shot. Florida courts have found no duty on facts much more compelling than these. *See Murray v. Osenton*, 126 So. 2d 603 (Fla.2d DCA 1961) (court held that the owner of a service station was not liable for the shooting of one of its employees during the course of a nighttime robbery, despite allegations that the defendant knew of the likelihood of service station robberies in Orlando and yet failed to take reasonable measures to protect the plaintiff whom he required to work alone at night); *Lane v. Estate of Morton*, 687 So.2d 53, 54 (Fla. 3d DCA 1997) (landowner did not breach its duty to warn recreational vehicle driver, an uninvited licensee, of danger of criminal assaults on property or to provide adequate security against criminal attacks); *Barrio v. City of Miami Beach*, 698 So.2d 1241 (Fla. 3rd DCA 1997) (visitor to city beach brought premises liability action against city for injuries sustained on beach at 3:30 a.m. when she was shot while being robbed at gunpoint - held, no liability as a matter of law as danger of crime and criminal assaults was open and obvious and no duty to warn uninvited licensee).

Plaintiff has not established a special relationship between Defendant and the shooter or Defendant and Plaintiff's decedent under the Restatement (Second) of Torts, Section 315 . . . .  Here, the shooter was, at best, a business invitee, and at worst, a trespasser, but in neither case was the shooter controlled by Defendant. Prior to the incident, Defendant was not free to search the shooter or otherwise detain him, nor did Plaintiff plead any facts sufficient to establish that Defendant had a duty to care for the shooter, other than the legal duty of any proprietor to any business invitee; that is, the duty to use due care to maintain the premises in a reasonably

8

safe condition commensurate with the activities conducted thereon. . . . Moreover, as noted above, Plaintiff's decedent was a stranger to Defendant, with no relationship whatsoever. As such, Defendant had no duty under the Restatement to protect her and no legal basis for liability has been alleged.

Plaintiff contends that the fact that decedent was not an invitee, a patron, or even on Defendant's property is "a distinction without a difference," citing *Holiday Inns, Inc. v. Shelburne,* 576 So. 2d 322 (Fla. 4th DCA 1991) for the proposition that a defendant could be liable "even where the shooter himself was not on Defendant's property, but where the property was adjacent to Defendant's property, and *Defendant appeared to have exercised some control over the property.*" . . . While it is true that some courts have found a landowner liable for negligence when a patron was injured off property, in such cases, as noted by Plaintiff, there was a showing that the landowner, through some action or conduct, exercised control over the other property or otherwise extended his foreseeable zone of risk beyond his own premises. Here, there is no such showing. *Compare Marinacci v. 219 South Atlantic Blvd.*, 855 So. 2d 1272 (Fla. 4th DCA 2003) (negligently advising patron to park in nearby lot where she was assaulted stated cause of action) with *Daly v. Denny's, Inc.,* 694 So. 2d 775 (Fla. 4th DCA 1997) (no cause of action against owner of motel adjacent to parking lot where patron was attacked).

While it is tragic that Decedent was shot and killed, under Florida law, her estate cannot seek redress from this Defendant solely because the criminal stood on Defendant's premises when the fatal shot was fired.

*Id.* at \*2–\*3. The magistrate recommended that the motion be granted and the action be dismissed. *Id.* at \*3. Although the motion for judgment on the pleadings was ultimately denied by the district court because of an unopposed motion for the approval of a settlement and dismissal of the case, we agree with the reasoning put forth by the magistrate and apply it to this case.

Here, as in *Johnson*, Appellant's cause of action may have been precipitated by an event on Appellee's premises, but the tort occurred on property not owned or controlled by Appellee. Moreover, as we stated, Appellant failed to establish or show a special relationship between Appellee and the shooter or Appellee and the decedent. Furthermore, there was no showing that Appellee, through some action or conduct, exercised control over the other property or otherwise extended its foreseeable zone of risk beyond its own premises.

The case of *National Property Investors, II, Ltd. v. Attardo*, 639 So. 2d 691, 692 (Fla. 5th DCA 1994), also supports the trial court's ruling in this case. There, the appellee sued the appellant, which was the owner of an apartment complex where the appellee was a tenant, after she was abducted, threatened, and assaulted by a male while on the complex premises. *Id.* The appellant filed a third-party action against the owner of a 7-Eleven store located across the street. *Id.* In affirming the dismissal of the complaint, the Fifth District reasoned:

> Had [the appellee] sought damages for injuries sustained on 7-Eleven property, then the action against [the owner of the 7-Eleven] would be appropriate. Had Weir grabbed [her] on the 7-Eleven parking lot and carried her to the [complex] to assault her, the action might be sustainable. But to suggest that [the owner] is liable because someone who happens to be on its property . . . follows a patron down the street to an unlighted parking lot and there commits a crime is carrying landlord liability too far. . . . No court has yet extended landlord liability beyond this point.

*Id.* at 692. Here, while the shooter was allegedly on Appellee's property when the shot was fired, the bullet traveled from that property just as the assailant traveled from the landowner's property in *Attardo*.

Appellant attempts to liken this case to *Thunderbird Drive-In Theatre, Inc. v. Reed*, 571 So. 2d 1341, 1342 (Fla. 4th DCA 1990), where the appellants appealed from a final judgment entered in a suit for personal injuries resulting from a motor vehicle accident.

10

The accident at issue occurred on a boulevard near the entrance to the theatre. *Id.* The appellee argued at trial that the theatre was negligent in the design and maintenance of its entrance and that the negligence caused traffic to build on the boulevard creating a known dangerous condition and that the appellant failed to ameliorate the dangerous condition by hiring additional police personnel to supervise the traffic. *Id.* at 1343. The jury returned a verdict in favor of the appellee. *Id.* In considering whether the theatre, as a property owner adjacent to a busy public highway, was liable for the accident in question, the Fourth District reasoned that one could conclude from the record that the theatre was on notice that privately-hired police were necessary to handle large crowds of cars and people, and it concluded that the issue of whether the injuries were foreseeable to the theatre was a jury question. *Id.*

We find Appellant's reliance on *Reed* to be misplaced given that there were allegations there that the theatre's design and maintenance of its entrance created a dangerous condition. Here, as stated, the only alleged connection between Appellee and the shooter was that the shooter was on Appellee's property when he fired his gun. That connection, as the foregoing cases make clear, was not sufficient to establish a duty on Appellee's part to the decedent or to the general public.

Accordingly, we affirm the order on appeal.

AFFIRMED.

ROBERTS and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Brian J. Lee of Morgan & Morgan, Jacksonville, for Appellant.

11

Robert C. Swain, Deputy County Attorney, Alachua County Attorney's Office, Gainesville, for Appellees.