GRIMES, Judge.
Appellant was convicted of two counts of sale of a substance in lieu of a controlled substance and one count of selling a prescription drug without a prescription. We affirm the former but reverse the latter.

Sale of a substance in lieu of a controlled substance

The evidence clearly reflects that in two instances appellant agreed to sell a police informant a controlled substance and in lieu thereof sold him a noncontrolled substance. We reject appellant’s contention that section 817.563, Florida Statutes (1981), is unconstitutionally vague and over-broad.

Sale of prescription drug without a prescription

Section 465.015(2)(c) under which appellant was convicted reads as follows:
(2) It is unlawful for any person:
[[Image here]]
(c) To sell or dispense drugs as defined in s. 465.003(7) without first being furnished with a prescription.
Appellant argues that chapter 465 is only directed toward the regulation of pharmacists or those holding themselves out as pharmacists. He points out that he was not a pharmacist nor represented himself to be one and that he did not vouch for the medicinal properties of his wares. In support of his position, appellant refers to the statement of legislative intent found in section 465.002, Florida Statutes (1981):
465.002 Legislative findings; intent. —The Legislature finds that the practice of pharmacy by unskilled and incompe *794 tent practitioners presents a significant danger to the public health and safety. The Legislature finds further that it is difficult for the public to make an informed choice about pharmacists and that the consequences of a wrong choice could seriously endanger their health and safety. The sole legislative purpose for enacting this chapter is to ensure that every pharmacist practicing in this state and every pharmacy meet minimum requirements for safe practice. It is the legislative intent that pharmacists who fall below minimum competency or who otherwise present a danger to the public shall be prohibited from practicing in this state.
The state responds by suggesting that appellant was a “street pharmacist” and refers to portions of a tape of the transaction in which appellant seems to be trying to sell a recipe for preparing a drug. Be that as it may, section 465.015(2)(c) is quite specific and does not preclude the prosecution of a person such as appellant.
However, in order to convict appellant for violating section 465.015(2)(c), the state had to prove the drug which appellant sold was among those defined in section 465.003(7), Florida Statutes (1981). Section 465.003(7) contains the following definition:
(7) “Medicinal drugs” or “drugs” means those substances or preparations commonly known as prescription or legend drugs which are required by federal or state law to be dispensed only on a prescription, but shall not include patents or proprietary preparations as hereafter defined.
The state’s drug chemist was unable to say whether the substance sold by appellant was a prescription drug. Over appellant’s objection the court, in reliance upon an excerpt from the Physicians Desk Reference book that the substance required a prescription, took judicial notice that it was a prescription drug for purposes of the trial. At the outset we note that the court did not scrupulously follow the procedural requirements of section 90.204, Florida Statutes (1981), for taking judicial notice. In any event we do not believe that the court could properly take judicial notice that the substance was “required by federal or state law to be dispensed only on a prescription” solely by resort to the statement in the Physicians Desk Reference. See § 90.-202(12), Fla.Stat. (1981). The appropriate procedure would have been to take judicial notice of the applicable federal or state law.
Appellant’s convictions for selling a substance in lieu of a controlled substance are affirmed. We reverse the conviction for selling a prescription drug without a prescription.
OTT, C.J., and CAMPBELL, J., concur.