BILBREY, J.
Barry Layne Moore appeals his judgment and sentence, entered after the jury returned a guilty verdict at trial, in Count I for possession of a controlled substance with intent to sell in violation of section 893.13(l)(a), Florida Statutes, and in Count II for selling or dispensing a prescription drug without being furnished a prescription, in violation of section 465.015(2)(c), Florida Statutes. Because the portion of section 465.015(2)(c) making unlawful the dispensing of a prescription drug without being furnished a prescription is inapplicable to Appellant since he is not a pharmacist, the judgment and sentence for Count II is reversed and remanded for entry of a judgment of acquittal in part, and for further proceedings. As to Count I, the judgment and sentence are affirmed. We reject Appellant’s other arguments without comment.
Appellant was charged with one count of possession of Oxycodone with the intent to sell, in violation of section 893.03(l)(a), Florida Statutes, and one count of selling or dispensing a prescription drug without first being furnished a prescription, in violation of section 465.015(2)(c), Florida Statutes. At trial, the State presented evidence that on November 23, 2013, Appellant sold or delivered a single tablet of Oxycodone to a confidential informant. After receiving a cigarette box containing the tablet from Appellant, the confidential informant — in view of the Appellant — replaced the tablet with a twenty-dollar bill and returned the box to Appellant.
At the close of the State’s ease, the defense moved for judgment of acquittal and argued that because Appellant was not a pharmacist, chapter 465 was not applicable. The trial court rejected the defense’s argument that Appellant was not subject to prosecution for violation of section 465.015(2)(c), relying on Block v. State, 437 So.2d 792 (Fla. 2d DCA 1983), to deny the JOA.[1] Although not the reason for the disposition of the appeal in Block, that court noted that “section 465.015(2)(c) is quite specific and does not preclude the prosecution of a person such as appellant.” Id. at 794.
Block did not parse the two distinct actions which section 465.015(2)(c) prohibits. One illegal action is selling a prescription drug. Selling is not defined in chapter 465, but at trial the jury was properly instructed that, “[s]ell means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.” Fla. Std. Jury Inst. (Crim.) 25.2. We agree with Block that any person, pharmacist or not, may be charged with selling a prescription drug under 465.015(2)(c).
The second illegal action prohibited by section 465.015(2)(c) is dispensing a pre *493 scription drug without a prescription. Unlike selling, dispensing as defined by section 465.003(6), Florida Statutes, can only apply to a pharmacist:
“Dispense” means the transfer of possession of one or more doses of a medicinal drug by a pharmacist to the ultimate consumer or her or his agent. As an element of dispensing, the pharmacist shall, prior to the actual physical transfer, interpret and assess the prescription order for potential adverse reactions, interactions, and dosage regimen she or he deems appropriate in the exercise of her or his professional judgment, and the pharmacist shall certify that the medicinal drug called for by the prescription is ready for transfer. The pharmacist shall also provide counseling on proper drug usage, either orally or in writing, if in the exercise of her or his professional judgment counseling is necessary. The actual sales transaction and delivery of such drug shall not be considered dispensing. The administration shall not be considered dispensing.
(Emphasis added).
The lack of any evidence that Appellant is a pharmacist excludes his actions in this case from the statutory definitions of “dispense” found in 465.003(6), Florida Statutes. Therefore, Appellant could not have dispensed the Oxycodone to the confidential informant as Florida law defines dispensing.[2]
In light of the foregoing, section 465.015(2)(c) is not available to the State to prosecute the dispensing of a drug by a person who is not a pharmacist. The trial court erred in not granting a partial judgment of acquittal as to the allegations of dispensing and compounded the error in allowing the jury to be instructed on the allegations of dispensing.
Therefore, the judgment and sentence for Count II, for violation of section 465.015(2)(c), Florida Statutes, is reversed and remanded for further proceedings on that count only as to the allegations of selling the Oxycodone. The judgment and sentence for Count I, for violation of section 893.13, Florida Statutes, is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF and WETHERELL, JJ., concur.

. We review the denial of a motion for judgment of acquittal de novo. Johnston v. State, 863 So.2d 271 (Fla.2003).

. The statutory language in section 465.015 makes a clear distinction between actions that are prohibited by any person, actions that are prohibited by a pharmacist, and actions that are prohibited by any person other than a pharmacist. Compare § 465.015(l)(a) & 2, with § 465.015(3), and with § 465.015(l)(b) & 4(a).